```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LAMONT G. CRYMES, | No. 20-cv-7238 (NLH) (KMW) |
| Plaintiff, | |
| v. | OPINION |
| OFFICE OF THE PUBLIC DEFENDER, et al., | |
| Defendants. | |

APPEARANCE:

Lamont G. Crymes
01-276813
Atlantic County Justice Facility
Compound B
5060 Atlantic Ave.
Mays Landing, NJ 08314

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Lamont G. Crymes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a complaint pursuant to 42 U.S.C. § 1983 against the Atlantic County Public Defender's Office, Deputy Public Defender Scott Norwood, and Public Defenders Mary Linhan and John Bjorkland. See ECF No. 1. He also moves for the appointment of pro bono counsel. ECF No. 2.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the complaint will be dismissed. The motion for counsel will be denied.

I.  BACKGROUND

Plaintiff states he was arrested on September 18, 2018 for aggravated assault. ECF No. 1 at 9. He was detained in the county jail from September 18 to June 6, 2019. Id. Plaintiff wrote to Ms. Linhan, his Public Defender, asking for the victim's medical records. Id. Plaintiff was later indicted on second-degree aggravated assault charges. Id. Plaintiff states "[f]rom December 2018, until about May 2019 defendant had a public defender and was misrepresented by materially false reported information given by counsel (HIPPA violation-medical records were viewed by the court without the defendant's knowledge.)" Id.

Plaintiff was diagnosed with prostate cancer while he was incarcerated at the Atlantic County Jail. Id. Plaintiff states that Ms. Linhan never filed a motion for release based on his medical condition and instead sought to "manipulate a wrongful guilty pleas based on misrepresentation and materially false information having the defendant to stipulate the inflicted serious bodily injury to victim 2nd degree to a seven 7 years max term with an 85% provision." Id. at 9-10. Plaintiff alleges

2

there was no evidence that he inflicted "serious bodily injury" on the victim. Id. at 10. He states that his plea was not knowing and voluntary and his counsel did not protect him under the Sixth Amendment.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

3

recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## III. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Plaintiff alleges Ms. Linhan and Mr. Bjorkland violated his Sixth Amendment right to the effective assistance of counsel by manipulating him into pleading guilty and failing to obtain the

4

victim's medical records.  These claims fail because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  See also Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Calhoun v. Young, 288 F. App'x 47, 49-50 (3d Cir. 2008) (public defender representing criminal defendant is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Plaintiff's allegations against Ms. Linhan and Mr. Bjorkland concern their representation of him during a criminal proceeding.  Therefore, he has failed to meet the "under color of state law" element of a § 1983 claim for his allegations against Ms. Linhan and Mr. Bjorkland.  28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also asserts claims against Deputy Public Defender Scott Norwood and the Public Defender's Office as the attorneys' supervisor and employer.  He alleges they failed to supervise the two attorneys.  Assuming for screening purposes

5

only that the Public Defender's Office and Mr. Norwood would not have immunity on the failure to supervise claim, Plaintiff has failed to state a claim against them.  Plaintiff must identify a supervisory policy or practice that the Public Defender's Office and Mr. Norwood failed to employ and provide sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure."  Barkes v. First Corr. Med., Inc., 766 F.3d 307, 317 (3d Cir. 2014) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015).  Plaintiff has not provided any such facts.

As Plaintiff has failed to state a claim against any of the defendants, the Court will dismiss the complaint without prejudice.  Leave to amend is denied as the complaint appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), however.

In Heck, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

6

invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  Id. at 486–87; see also Bronowicz v. Allegheny Cty., 804 F.3d 338, 346 (3d Cir. 2015).

Plaintiff alleges his attorneys provided ineffective assistance of counsel, and he must show an underlying constitutional violation in order to prove his supervisory claims.  If Plaintiff succeeded in proving ineffective assistance, his guilty plea would be invalid.  Therefore, Plaintiff may not proceed with his claim for monetary damages unless and until his conviction is vacated on appeal or in a habeas proceeding or by some other means.[1]

Plaintiff also moves for the appointment of counsel.  ECF No. 2.  Appointment of counsel is a privilege, not a statutory or constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  "As a threshold matter, the indigent plaintiff's case must have some arguable merit in fact and law."  Cuevas v. United States, 422 F. App'x 142, 144 (3d Cir. 2011).

---

[1] The Court also notes that it cannot vacate Plaintiff's guilty plea in a civil rights action.

7

The Court will dismiss the complaint for failure to state a claim.  Therefore, the motion for counsel will be denied.

IV.  CONCLUSION

For the reasons stated above, the complaint will be dismissed without prejudice for failure to state a claim and leave to amend is denied.  Nothing in this Opinion prevents Plaintiff from raising his ineffective assistance claims in a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted state court remedies.

An appropriate order follows.

Dated: _December 28, 2020         __s/ Noel L. Hillman _____
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.